Sandra **CULBERTSON**,
Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,
Defendant–Appellee.

No. 88–1531.

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1988.

Decided Oct. 18, 1988.

John Bagnel Duggan (Edwards, Duggan, Reese and McKinney, P.A., Greer, S.C., on brief), for plaintiff-appellant.

Daniel Gerard Reidford, Asst. Regional Counsel (Bruce R. Granger, Chief Counsel, Mack A. Davis, Deputy Chief Counsel for Social Sec. Disability Litigation and Programs, Washington, D.C., Haila Kleinman, Asst. Regional Counsel, David L. Stephens, Asst. Regional Counsel, Dept. of Health and Human Services, Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for defendant-appellee.

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

K.K. HALL, Circuit Judge:

Sandra Culbertson, a claimant seeking an award of disabled child benefits under Title II of the Social Security Act, appeals an order of the district court remanding her case to the Secretary for further administrative proceedings. We conclude that the district court's order operates as a final denial of benefits to which Culbertson has demonstrated an entitlement. Accordingly, we reverse and remand.

### I.

Culbertson was born on March 12, 1945, and has been mentally retarded since birth. As a result of her mental impairment, she

has remained dependent upon her parents despite reaching the age of legal maturity. She has not, however, been adjudicated as incompetent nor is she under the authority of a *guardian ad litem.*

On January 6, 1976, Culbertson's father, Lewis, filed on her behalf an application for disabled child's benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 402(d). The application was denied administratively on February 27, 1976. Culbertson took no action to appeal that denial.

On October 11, 1977, Culbertson filed a second application for Title II benefits alleging, as she had in the first application, that she had been mentally disabled since birth. The second application was also denied at the initial administrative level. Claimant, who was not represented by legal counsel with regard to either the first or second application, did not seek reconsideration or an administrative hearing in which she could contest the Secretary's decision.

Culbertson filed her third and most recent application for benefits on September 22, 1980. Following another administrative denial, she obtained legal counsel and entered the appeals process. A hearing before an administrative law judge ("ALJ") was held on July 9, 1981, at which time Culbertson, her parents and Dr. Charles White, a psychiatrist, testified. After considering that testimony as well as certain corroborating documentation, the ALJ concluded that Culbertson had proved the existence of "an overwhelming nonexertional impairment which rendered her disabled prior to age 22." The ALJ determined, therefore, that she was not only entitled to an award with regard to her most recent application but, also, that the Secretary's February 27, 1976, decision to deny benefits should be reopened and revised to grant benefits based on the January 6, 1976, application.

At this juncture, the Appeals Council, *sua sponte* reviewed the ALJ's decision and reversed the award based on Culbertson's 1976 application. The Council reasoned that an administrative determination more than four years old could not be reopened. In the Council's view, the Secretary's regulation, 20 C.F.R. § 404.988, rendered such an adverse determination conclusively final.[1]

In accordance with the Appeals Council's order remanding Culbertson's case for further proceedings, a supplemental administrative hearing was held. The ALJ again concluded that claimant suffered from a severe mental impairment which had begun before she attained the age of 22 and had continually prevented her from engaging in substantial gainful activity. The ALJ further determined that Culbertson's mental and emotional impairments had prevented her from pursuing her appeal rights with regard to the 1976 application. The ALJ once more awarded benefits based on claimant's first application.

For the second time, the Appeals Council, on its own initiative, reviewed the favorable determination of the ALJ. Although agreeing that the evidence demonstrated the existence of claimant's disability prior to her twenty-second birthday on March 12, 1967, the Council concluded that retroactive benefits could be awarded only with regard to Culbertson's second application of October 11, 1977. In reaffirming its previous refusal to reopen the 1976 denial of benefits, the Council further concluded that the ALJ had addressed constitutional issues beyond the scope of his authority when he considered Culbertson's ability to pursue her rights in 1976.

Culbertson subsequently initiated the instant action in district court seeking judicial review of the Appeals Council decision. The court determined that meaningful review was not immediately possible due to certain inadequacies in the transcript of the administrative hearing. The court, there-

---

1. 20 C.F.R. § 404.988 provides in pertinent part:
   A determination, revised determination, decision, or revised decision may be reopened—
   \*   \*   \*   \*   \*   \*

   (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case;

fore, remanded the case to the Secretary for an expedited supplemental hearing.

Culbertson's third administrative hearing was conducted on May 8, 1985, after which the ALJ once more determined that benefits should be awarded based on her 1976 application. The ALJ reasoned that claimant clearly lacked the intellectual ability and emotional maturity necessary to assert her rights in 1976. Citing this Court's decision in *Shrader v. Harris,* 631 F.2d 297 (4th Cir.1980), the ALJ concluded that the Secretary's refusal to reopen the application of a mentally impaired claimant on the basis of "res judicata" [2] offended "fundamental doctrines of fairness and equity."

For the third time, the Appeals Council reviewed and overruled the decision of the ALJ. The Council held that the disposition of Culbertson's 1976 application raised an issue of administrative finality under 20 C.F.R. § 404.988 rather than the bar on relitigation posed by the doctrine of res judicata. Rejecting thereby the ALJ's citation of legal precedent, and concluding that the 1976 denial was final, the Council modified the ALJ's decision to award benefits only on Culbertson's 1977 claim.

Culbertson's challenge to the Secretary's final decision again returned to the district court where it was twice referred to a United States magistrate for report and recommendation. On both occasions the magistrate recommended that claimant be awarded benefits based on her 1976 application. Like the ALJ, the magistrate reasoned that the Secretary's refusal to reconsider Culbertson's first application operated as a denial of due process. The district court, however, concluded that it was the mental competence of Culbertson's father who had filed the initial application that controlled any due process analysis of the Secretary's decision. Accordingly, the

court rejected the magistrate's recommendation and remanded the case to the Secretary for consideration of the mental competence of claimant's father in 1976.[3]

This appeal followed.

## II.

When deciding whether to reopen or to reconsider his own administrative determinations, the Secretary enjoys broad discretion, which is generally not subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Appellate jurisdiction is invoked only when the Secretary's refusal to reopen raises a question of constitutional significance. *Id.* at 109, 97 S.Ct. at 986. This Court, however, did perceive such a constitutional question when the Secretary attempted to invoke the procedural bar of res judicata against a mentally impaired pro se claimant. *Shrader, supra.* In *Shrader,* we held that an adverse determination made in an *ex parte* proceeding involving a claimant who lacked the mental competence to pursue an administrative appeal could not be accorded res judicata status without violating the claimant's right to due process. *Shrader,* 631 F.2d at 301–02.

Culbertson's principal contention on appeal is that the Secretary's refusal to reexamine her 1976 application is contrary to the *Shrader* doctrine.[4] She also argues that her mental competence is the controlling factor and that the district court's remand for consideration of her parents' ability is based upon a misinterpretation of our ruling in *Robinson v. Heckler,* 783 F.2d 1144 (4th Cir.1986). We find appellant's contentions persuasive.

■ At the outset, we acknowledge what appears to be a jurisdictional flaw in this

---

**2.** As discussed *infra,* the Secretary vigorously disputes the suggestion that his refusal to reopen the 1976 application is based upon res judicata.

**3.** The district court also directed the Secretary to consider the mental competence of claimant's mother in 1976.

**4.** Appellant also raises other objections to the Secretary's refusal to reopen her 1976 claim

including a novel "domino" theory based upon a California district court decision. Under this doctrine, the reopening of the 1977 claim would allow a subsequent reopening of earlier claims within four years of the 1977 application. We find it unnecessary, however, to address this or appellant's other contentions in light of the dispositive nature of her due process argument.

appeal. The district court's order purported to remand Culbertson's claim to the Secretary for further administrative proceedings. Generally, such a remand in social security cases is not considered to be a final appealable order. *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983). In this instance, however, we are convinced that the district court's order operates as a final denial of appellant's claim. The court's remand implicitly assumed that appellant could not assert a *Shrader* claim if her father had the ability to pursue an appeal on her behalf in 1976. Appellant, however, has never remotely asserted, nor is there any evidence of record to suggest, that her father had a mental illness in 1976 that would have prevented him from understanding the Secretary's procedure for administrative appeals. *See Shrader,* 631 F.2d at 302. We have no doubt, therefore, that the district court's order has placed appellant's claim in the Secretary's hands for purposes of a final denial.

Certain judicial orders may well carry a "death-knell" or "practical finality" quality. *See Karriem Wali Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107 (4th Cir.1988), citing *McKnight v. Blanchard,* 667 F.2d 477 (5th Cir.1982). In such circumstances, it is entirely appropriate for a reviewing court to treat as final an order that "effectively kills" a party's action. *Hine v. D'Artois,* 531 F.2d 726, 730 (5th Cir.1976). In the instant case, the district court has simply extended an already prolonged process while leaving appellant no real likelihood of prevailing. We, therefore, interpret the court's order as a final rejection of Culbertson's claim which is now ripe for appellate review.[5]

■ Turning to the merits of appellant's claim, we are persuaded that the Secretary may not constitutionally refuse to reopen the 1976 application. Our decision in *Shrader* prohibits the Secretary from binding a claimant to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination. The Secretary has now essentially conceded that Culbertson is mentally disabled and has been so since, at least, 1967. Clearly, therefore, her deficiencies prevented an effective pro se appeal in 1976.

The Secretary has attempted to evade *Shrader* on two theories: (1) he has argued that *Shrader* dealt with the application of prior factual determinations in accordance with the doctrine of res judicata while Culbertson's case presents the entirely different concept of administrative finality, and (2) he has contended that even if *Shrader's* due process analysis is relevant, the district court's focus on the competence of appellant's father was correct. We find no merit in either theory.

We have recently had occasion to consider the distinction between res judicata and administrative finality in the context of social security law. *Young v. Bowen,* 858 F.2d 951 (4th Cir.1988). *Shrader* admittedly was a classic res judicata case where the Secretary sought to give preclusive effect to a previous ruling based upon a "same facts," "same issues," "same parties" rationale. In both *Young* and the present case, the Secretary has argued that the regulations governing reopening at 20 C.F.R. § 404.988 do not look to the factual nature of the earlier ruling but rather create a four-year statute of limitations beyond which his determinations are conclusively final. In the Secretary's view, *Shrader* did not preclude this reasonable use of finality standards particularly when the potential for due process deprivation is much less.

■ We agree that res judicata and administrative finality, embodied in different regulations[6] and based upon different con-

---

**5.** The Secretary evidently has no doubt that a remand for a consideration of Lewis Culbertson's mental competence will defeat appellant's claim. In his brief he notes that appellant has not based any claim for reopening upon her father's ability. The Secretary also points out that Mr. Culbertson's testimony at the adminis-

trative hearing revealed a general ability to understand social security process.

**6.** Present social security regulations provide for the use of res judicata at 20 C.F.R. § 404.957(c)(1). At the time *Shrader* was decided the regulation was set forth at 20 C.F.R. § 404.937(a).

cepts, may not always operate in identical fashions. Judicial analysis of one doctrine may not, therefore, be universally applicable to both. It is brutally evident, however, that the Secretary has attempted in the instant case to utilize administrative finality in precisely the same improper fashion that res judicata was asserted in *Shrader*—to deny a pro se mentally impaired claimant a full and fair opportunity to establish a statutory entitlement. As we observed in *Young,* such a procedural bar is utterly contrary to fundamental fairness and cannot be countenanced simply because it now springs from a ground different from that addressed in *Shrader.*[7] We therefore conclude that the Secretary could not refuse to reopen Culbertson's 1976 application after she established a prima facie case of mental incompetence in 1976 unless he first refuted that showing.

We further conclude that the Secretary cannot escape his duty by relying on the mental competence of appellant's father. The district court reasoned that because Lewis Culbertson filed the 1976 claim, he remained responsible for pursuing further administrative remedies. This case is not, however, controlled by our decision in *Robinson, supra,* as the district court erroneously believed.

In *Robinson,* a mother, serving as court-appointed guardian for her minor son, filed an unsuccessful claim for child benefits. A subsequent claim filed some years later succeeded in obtaining benefits but failed to convince the Secretary that the previous claim should be reopened. On appeal, the claimant sought to assert a due process question based upon his own lack of mental competence at the time of the initial application. We rejected that attempt, reasoning that an individual could not simultaneously rely upon a guardian to act in his behalf while claiming personal incompetence when convenient to do so. *Robinson,* 783 F.2d at 1144.

■ Unlike the claimant in *Robinson,* Sandra Culbertson was in the eyes of the law, a fully emancipated adult when her first application for benefits was filed. Although she remained unquestionably reliant upon her parents, they exercised no lawful authority over her nor were they under any responsibility to act for her. In filing the 1976 application in his daughter's name, claimant's father did little more than serve as willing volunteer. It obviously cannot be assumed that a volunteer will continue to pursue a claim on behalf of another. Moreover, a statutory entitlement to benefits cannot be held hostage to the actions or status of a third party who owes no enforceable duty to a claimant. Certainly, nothing in *Robinson* supports such a conclusion.

### III.

In the final analysis, this is a straightforward case. Appellant is a mentally handicapped individual who was unquestionably disabled in 1976. Notwithstanding her condition, the Secretary has twice administratively denied her pro se claim for benefits and has granted partial benefits only after claimant was forced to pursue her rights with the assistance of counsel. Even now, the Secretary seeks to withhold a portion of the benefits to which appellant is entitled based upon a procedural doctrine that denies her a full measure of due process.

We are dismayed that the Secretary has exhibited so little appreciation for his duty to implement the Congressional intent "to ameliorate some of the rigors of life." *Dvorak v. Celebrezze,* 345 F.2d 894 (10th Cir.1965). Certainly, we perceive no reason why this already extraordinarily protracted matter should be extended further. Accordingly, the order of the district court remanding appellant's claim to the Secretary is reversed and the case is, hereby, remanded to the district court with instruc-

---

7. The Secretary suggests that the due process analysis in the present case varies from that in *Shrader* because the application of finality denies Culbertson only a portion of the benefits sought while the use of res judicata in *Shrader* totally foreclosed the claim for benefits. We find this purported distinction specious. An improper deprivation of constitutional rights is rendered no less objectionable because the deprivation is somehow less extensive than it could be.

tions that judgment be entered in favor of Sandra Culbertson on her claim for disability benefits based on her 1976 application.

REVERSED AND REMANDED.