Ruth SKEENS, SSN:
226–74–6678, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 88–0287–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

April 24, 1990.

Paul Beers, Castlewood, Va., for plaintiff.

Kenneth M. Sorenson, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Secretary's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Secretary must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971).

The plaintiff, Ruth Skeens, was born on September 14, 1948 and eventually completed the fifth grade in school. Mrs. Skeens has not worked outside the home. On September 1, 1985, plaintiff filed application for supplemental security income benefits. At that time, she alleged that she became disabled for all forms of substantial gainful employment on April 2, 1978 due to renal tuberculosis, bladder problems, kidney trouble, heart condition, high blood pressure, and migraine headaches. Mrs. Skeens now maintains that she has remained disabled to the present time.

Mrs. Skeens' claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated March 22, 1988, the Law Judge also determined that Mrs. Skeens is not disabled. The Law Judge found that plaintiff suffers from an impairment of the genitourinary system. Despite this condition, the Law Judge held that plaintiff retains sufficient functional capacity for a full range of medium exertion. Given a residual functional capacity for medium exertion, and considering the other relevant circumstances of the case, the Law Judge applied the medical-vocational guidelines so as to conclude that Mrs. Skeens may now perform several specific medium work roles existing in the national economy. *See, gen.,* 20 C.F.R.

§ 416.969 and Rule 203.25 of Appendix II to Subpart P of the Administrative Regulations No. 4. Accordingly, the Law Judge ultimately concluded that Mrs. Skeens is not disabled, and that she is not entitled to supplemental security income benefits. *See, gen.,* 20 C.F.R. § 416.920(f). The Law Judge's opinion was adopted as the final decision of the Secretary by the Social Security · Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Skeens has now appealed to this court.

 While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. *See* 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. *Vitek v. Finch,* 438 F.2d 1157, 1159–60 (4th Cir.1971); *Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir.1962).

 After a review of the record in this case, the court is constrained to conclude that the Secretary's final decision is supported by substantial evidence. The current medical record confirms that Mrs. Skeens has suffered from a number of troublesome and worrisome impairments. The evidence establishes that plaintiff continues to experience certain genitourinary difficulties. However, the court must agree that the current medical record fails to support plaintiff's claim of total disability for all forms of substantial gainful employment.

It seems that Mrs. Skeens has suffered from tuberculosis in her right kidney, ureter, and bladder. Throughout the early 1980s, her tuberculosis was considered to be dormant. In August of 1984, plaintiff was treated for chest pain, hypertension, and obesity. In March of 1985, she was evaluated for a mass in her breast, which was considered to be benign.

In August of 1985, Mrs. Skeens was hospitalized for treatment of renal calculi, a urinary tract infection, and her history of genitourinary tuberculosis. She eventually underwent surgery for removal of a kidney stone from her right kidney. However, plaintiff has continued to suffer from recurrent urinary tract infection. On January 28, 1988, Dr. N.B. Concepcion, a urologist, related as follows:

> Mrs. Skeens is a 38–year old white female who was referred by Dr. Zibdeh for evaluation of recurrent urinary tract infection. She has a strong family history of tuberculosis and in 1978 was diagnosed to have TB of the right kidney and bladder and was treated for 2 years until the urine culture for TB was negative. On intravenous urogram (August 1987) she had findings consistent with TB of the right kidney, ureter, and bladder. Repeat urine culture for TB done September 1987 revealed no growth. In the meantime her voiding symptoms were not improving despite adequate antibiotic treatment. Because of this nonresponsiveness to regular antibiotic, I started to treat her with anti-TB drugs. I believe she has reinfection of TB of the urinary tract even though the urine culture is negative for TB. She will need continuous treatment for about 2 years. (TR 236).

There is some conflict in the record as to the extent of plaintiff's functional restriction. On May 19, 1986, Dr. G.S. Kanwal opined that plaintiff is totally disabled due to kidney problems, high blood pressure, ulcers, and a hernia. However, on several occasions, Dr. Mildred R. Passmore, a medical advisor for the Social Security Administration, has indicated that Mrs. Skeens' impairments do not result in total disability. The court recognizes that Dr. Passmore's findings are of limited value, inasmuch as Dr. Passmore did not have the opportunity to personally examine Mrs. Skeens. *See, gen., Millner v. Schweiker,* 725 F.2d 243 (4th Cir.1984); *Hall v. Harris,* 658 F.2d 260 (4th Cir.1981). However, in

the instant case, the court must agree that a reasonable evaluation of the existing medical record provides absolutely no support for the proposition that plaintiff's physical problems are so severe as to render her disabled for less strenuous forms of work activity.

The simple fact is that Mrs. Skeens' urinary tract infections have proven amenable to treatment through routine and conservative measures. While plaintiff underwent surgery for removal of a kidney stone, there is every indication that she recovered from the surgery without incident or permanent impairment. Although her genitourinary tuberculosis certainly requires routine observation and evaluation, there is no indication that this condition has resulted in any permanent or disabling functional limitations. Similarly, while plaintiff's obesity and hypertension regular medical attention, there is simply no reason to believe that these difficulties are overly severe at the present time. In short, the court finds substantial evidence to support the Secretary's determination that Mrs. Skeens is not disabled for up to medium levels of exertion. It follows that the Secretary's denial of benefits must be affirmed.

■ On appeal to this court, plaintiff maintains that the Secretary failed to accord proper consideration to her complaints of severe and debilitating pain. At the time of the two administrative hearings in this case, Mrs. Skeens did describe significant physical discomfort, as well as related symptoms including dizziness, nervousness, and stomach distress. However, the court must agree that in plaintiff's case, the medical record fails to document the existence of physical difficulties which could be expected to cause *regular* pain of disabling severity. While Mrs. Skeens suffers from several very definite problems, most of her difficulties are subject to treatment, and can be controlled shortly after onset. For example, there is no reason to believe that she should experience constant pain based on her recurrent urinary tract infections. While it is not necessary that plaintiff produce objective medical evidence as to the intensity of her pain, the Social Security

Act does require that there be objective medical evidence of some condition that could reasonably produce the pain as alleged by the plaintiff. *Walker v. Bowen,* 889 F.2d 47, 49 (4th Cir.1989); *Foster v. Heckler,* 780 F.2d 1125, 1129 (4th Cir.1986). The court finds substantial evidence to support the Secretary's conclusion that the medical impairments documented in Mrs. Skeens' case could not reasonably be expected to produce constant pain of disabling severity.

Of course, the court does not suggest that plaintiff is free of all pain and discomfort. Indeed, it is essentially undisputed that Mrs. Skeens becomes very uncomfortable during those times in which she experiences urinary tract infections. However, the court is satisfied that the Law Judge gave proper consideration to plaintiff's subjective discomfort in concluding that she remains capable of less strenuous forms of exertion. In short, the court finds all facets of the Secretary's final decision to be supported by substantial evidence.

■ Subsequent to the final decision of the Secretary, new medical evidence was submitted by plaintiff. The new evidence includes a report from a clinical social worker covering treatment of Mrs. Skeens from February 24, 1989 through July 3, 1989. Plaintiff has also submitted a more recent report from Dr. Kanwal dated November 8, 1988. Mrs. Skeens now seeks remand of her case to the Secretary for consideration of the new medical evidence.

In *Borders v. Heckler,* 777 F.2d 954 (4th Cir.1985), the United States Court of Appeals for the Fourth Circuit summarized the standards under which a motion for remand must be considered as follows:

A reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met. The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Mitchell v. Schweiker,* 699 F.2d 185, 188 (4th Cir.1983). It must be material to the extent that the Secretary's decision "might reasonably have been

different" had the new evidence been before her. *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir.1980). There must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, 42 U.S.C. § 405(g), and the claimant must present to the remanding court "at least a general showing of the nature" of the new evidence. *King*, 599 F.2d at 599.

777 F.2d at 955.

Mrs. Skeens' case does not meet all of the prerequisites for remand. In his report, Dr. Kanwal summarizes plaintiff's medical history. Dr. Kanwal has again offered the opinion that Mrs. Skeens is totally disabled. However, the court notes that Dr. Kanwal has offered no new impressions or findings as regards plaintiff's physical difficulties. To this extent, the court considers Dr. Kanwal's report to be merely cumulative. Furthermore, while Dr. Kanwal has suggested that Mrs. Skeens has more recently developed some emotional symptomatology, there is no reason to believe that this condition was present to any significant degree during the period of time adjudicated by the Secretary. The clinical social worker, Elizabeth A. Conway, also suggests that Mrs. Skeens has now developed fairly significant emotional symptoms. However, plaintiff did not seek diagnosis or treatment of these problems until February of 1989, almost twelve months after the issuance of the Secretary's final decision. In her report, the social worker attributes plaintiff's problems, in part, to certain situational difficulties of recent origin. The court is unable to conclude that consideration of these new reports could reasonably be expected to result in any different determination as to plaintiff's disability during the period of time covered by the final decision of the Secretary.

It may well be that Mrs. Skeens is disabled at the present time. The new medical evidence strongly suggests that she has developed new difficulties which were not previously considered by the Secretary. On the other hand, the court must conclude that there is no evidence to suggest that plaintiff experienced disabling emotional symptomatology during the period of time prior to the Administrative Law Judge's decision on March 22, 1988. While Mrs. Skeens may wish to file a new application for supplemental security income benefits, the court finds no "good cause" to justify remanding the existing case for further development and consideration. *See, Borders v. Heckler, supra; King v. Califano*, 599 F.2d 597 (4th Cir.1979).

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Secretary even if the court might resolve the conflicts differently. *Richardson v. Perales, supra; Oppenheim v. Finch*, 495 F.2d 396 (4th Cir.1974). For the reasons as stated, the court finds the Secretary's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Secretary must be affirmed. *Laws v. Celebrezze, supra.* An appropriate judgment and order will be entered this day.