Ruth SKEENS, SSN: 226–74–6678, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 92–0078–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Jan. 28, 1994.

Margaret T. Schenck, Southwest VA Legal Aid, Marion, VA, Martin D. Wegbreit, Client Centered Legal Services of SW VA, Castlewood, VA, for plaintiff.

Robert P. Crouch, Jr., U.S. Atty., John F. Corcoran and Richard A. Lloret, Asst. U.S. Atty., Roanoke, VA, Jan M. Lundelius, Asst. Reg. Counsel, Office of Gen. Council, DHHS, Philadelphia, PA, for defendant.

## MEMORANDUM OPINION

KINSER, United States Magistrate Judge.

Plaintiff filed this action challenging the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C.A. § 1381 *et seq.* (1991) for the period between March 23, 1988, and May 1, 1990. Plaintiff contends that jurisdiction of this court is pursuant to 42 U.S.C.A. § 1383(c)(3) (West Supp.1993). The case is before the undersigned United States Magistrate Judge pursuant to consent of the parties entered under the authority of 28 U.S.C.A. § 636(c)(2) (1993). Because this court is without jurisdiction to address the merits of plaintiff's substantive claims, it grants the Secretary's motion to dismiss.

Furthermore, even if jurisdiction existed, plaintiff's claims would be barred by res judicata.

## I. PROCEDURAL HISTORY

Plaintiff, Ruth Skeens, ("Skeens"), originally filed an application on September 1, 1985, for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"). Her application was denied initially on January 24, 1986, and by an Administrative Law Judge ("ALJ") in an opinion dated December 17, 1986. The Social Security Administration's Appeals Council ("Council" or "Appeals Council") then remanded her case to the ALJ, who again denied her benefits in an opinion dated March 22, 1988. The Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Secretary. Skeens appealed that decision to the United States District Court for the Western District of Virginia.

On appeal to the district court, Skeens argued that the Secretary's decision was not supported by substantial evidence. She also submitted new medical evidence and requested that her case be remanded to the Secretary for further consideration. The court disagreed, affirming the Secretary's decision in an opinion dated April 24, 1990. It found substantial evidence supporting the Secretary's decision to deny Skeens benefits and considered the new medical evidence not relevant to the period during which Skeens' application was effective.[1] While the court mentioned that Skeens may actually be disabled at the time of its decision, it could not consider her new evidence because it pertained to the period after the ALJ's decision. Skeens requested the district court to reconsider its decision, but was denied. Skeens did not further appeal that decision.

Skeens then filed a second application for benefits on May 2, 1990. An ALJ found Skeens to be disabled under the Act for the period beginning on the date of her second application. On June 7, 1991, she appealed this favorable decision to the Appeals Council, requesting it to reopen her prior application, and to review what she calls an "unadjudicated period" between March 23, 1988, and May 1, 1990.[2] The Council denied her requests, and Skeens has now appealed that denial to this court.

As a backdrop to Skeens' substantive arguments, the Secretary changed the regulation regarding the effective life of an SSI application in 1986. Before the revision, the pertinent regulation, 20 C.F.R. § 416.330 (1986), stated that an SSI application remained in effect until a decision by the district court. The new regulation reduced an application's effective life to the date of the ALJ's decision. The Secretary provided, however, that this new regulation was to apply only to prospective applications, not to those already filed before the effective date of the regulation.[3] This change in the regulation was essentially a delayed response to a prior amendment to 42 U.S.C.A. § 403(j)(2) (1991) which occurred in 1980. That amendment changed the length of time an Old–Age Survivors and Disability Insurance ("OASDI") application remained effective. Social Security Disability Amendments of 1980, Pub.L. No. 96–265, 94 Stat. 457 (June 9, 1980). While the amendment's legislative history indicated that a similar change ought to occur in SSI, it was not until 1986 that the Secretary actually implemented this change in SSI. *See* S.Rep. No. 408, 96th Cong., 2d

---

1. Pursuant to *20 C.F.R. § 416.330 (1993)*, the court considered Skeens' application to be effective only until the ALJ's decision.

2. These dates represent the period after the ALJ's decision on her first application and before she filed her second application.

3. "The effective date of the new rule on the prospective life of SSI applications, however, will be the date of publication of the final regulations. For SSI claims, this means that only applications filed on or after the effective date of the regulations will be subject to the new provision limiting the prospective life of applications." 48 Fed.Reg. 21,967 (1983) (proposed May 16, 1983). In fact, the Secretary concedes that the district court should have applied the prior version of 20 C.F.R. § 416.330 (1986). "It therefore appears to be true that, under the Secretary's regulations, the life of Plaintiff's *prior* application for SSI extended until the district court's decision." (Secretary's Brief at 2).

Sess. 57 (1979), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1335.

Skeens' first argument in support of her request that this court, or the Secretary, review this unadjudicated period is that the district court, in its opinion dated April 24, 1990, should have applied the prior version of 20 C.F.R. § 416.330 and not the revised version. In doing so, it would have considered Skeens' SSI application effective until the time of its decision, rather than that of the ALJ. Her second argument attacks the Secretary's authority to revise the regulation in the first place. Skeens contends that the Secretary's revision essentially ignored Congressional intent. She argues that because Congress, in 1980, only expressly changed the effective life of OASDI applications, the court can infer that Congress did not want the effective life of SSI applications touched. Thus, the Secretary's change, according to Skeens, was outside her authority since she is not permitted to promulgate regulations that are at odds with Congressional intent.[4]

The Secretary contends, however, that this court has no jurisdiction to review the unadjudicated period. She also argues that res judicata bars this court from reaching Skeens' substantive issues and, in the alternative, that the revision to 20 C.F.R. § 416.-330 (1990) was proper and congruent with Congressional intent.

## II. JURISDICTION

■ As a general rule, the court does not have jurisdiction to review a decision by the Secretary refusing to reopen a claimant's SSI application. 20 C.F.R. § 416.1403(a)(5)

(1993). An exception exists where such a denial violated a claimant's constitutional rights, such as due process, or where a claimant suffered a mental infirmity and was therefore incapable of understanding the administrative process. *Culbertson v. Secretary*, 859 F.2d 319 (4th Cir.1988); *Shrader v. Harris*, 631 F.2d 297 (4th Cir.1980). In such instances, the court may properly intervene to remedy the wrong. However, Skeens does not allege that any of her constitutional rights have been violated, nor that she suffered from a mental infirmity which prevented her from understanding the process.

Skeens contends, though, that "[t]he sole relief [she] seeks is for the court to consider and reverse the Secretary's final decision denying her benefits for the period March 23, 1988, through May 1, 1990." (Plaintiff's Brief ("Pl.Br.") at 2). She argues that this period is "unadjudicated," i.e., that it is a period for which she was disabled but did not receive benefits. She contends that she is not asking this court to review the Secretary's decision not to reopen her application, but is, instead, appealing the decision denying her benefits for that period. This assertion simply is not correct.

Skeens appealed the favorable ALJ ruling on her second application on two grounds. She asked the Appeals Council to reopen her prior application and to remand her case so that the "unadjudicated period" could be reviewed. On the first ground, the Council refused to reopen Skeens' original application. Skeens had failed to reapply within the time limitations established in the regulations and did not fall within any recognized exception.[5] As mentioned, this court does not

---

4. While the court does not reach the merits of these arguments, it does note that Congress had to amend 42 U.S.C.A. § 402(j)(2) (West Supp. 1993) to change the effective life of OASDI applications because the statute, rather than a regulation, specifically addressed the duration of such applications. 42 U.S.C.A. § 1382(c)(6) (1992), however, only addresses when an SSI application takes effect, not its duration. Thus, there did not have to be a statutory amendment in order for the Secretary to change the effective life of a SSI application.

5. The Council correctly applied the regulations to Skeens' request for a reopening. A prior decision can be reopened if a new application is filed within one year of the date of notice of

initial denial, 20 C.F.R. § 416.1488(a) (1993); or if a new application is filed within two years and the claimant demonstrates "good cause" as defined in § 416.1489, 20 C.F.R. § 416.1488(b) (1993); or at any time if it were obtained by fraud or similar fault, 20 C.F.R. § 416.1488(c) (1993). The notice of initial denial was on January 24, 1986, and Skeens filed a new application on May 2, 1990, more than four years later. Thus, the only options available to Skeens to reopen her first application would be to claim a constitutional deficiency in the prior proceeding or allege "fraud or similar fault." Skeens has not argued either of these points. Moreover, as far as reopening Skeens' first application is concerned, which version of 20 C.F.R. § 416.330 the

have jurisdiction to review the Secretary's refusal to reopen Skeens' first application. *Teague v. Califano,* 560 F.2d 615 (4th Cir. 1977); *Easley v. Finch,* 431 F.2d 1351 (4th Cir.1970); 20 C.F.R. § 416.1403(a)(5) (1993).

The Appeals Council also dismissed Skeens' second ground of attack. The Council declined to review the "unadjudicated period" because Skeens had not filed an application which related to that period. According to the Council, Skeens' first application was not effective after the ALJ's decision, and she did not refile until May 2, 1990. That left an interim period of two years in which Skeens did not have an effective application. Without an effective application, reasoned the Council, Skeens could not have that interim period reviewed.

This court finds the Council's reasoning convincing. If Skeens is not asking this court to review the Secretary's decision not to reopen her first application, which she concedes she is not, then the question becomes on which application is she relying to provide the basis for the Secretary to review that unadjudicated period.[6] Having dispensed with the first application, Skeens must be either relying on her second application or requesting an opportunity to receive SSI without having filed an application. Neither approach achieves Skeens' purposes.

Skeens cannot rely on her second application because it has no relevance to the "unadjudicated period." Title XVI applications are prospective in effect only and not retroactive.[7] Under Title XVI, claimants who qualify for benefits before they file an application are only eligible from the date they file. 20 C.F.R. §§ 416.330 and 416.335 (1993). For example, a qualified claimant who waits two years before filing is only eligible for benefits from the time of filing, notwithstanding the fact that the claimant actually qualified two

years before the filing. *Id.* An applicant cannot receive SSI benefits without first filing an application. This is not breaking new ground. It is based on a plain reading of the prerequisites for receiving SSI. This court would have to ignore the regulation's obvious meaning to allow Skeens the opportunity to receive SSI for the period in question.

When the smoke clears, either Skeens is requesting this court to review the Secretary's decision not to reopen Skeens' first application, or is seeking to receive benefits for a period in which she did not have an application outstanding. Neither approach vests jurisdiction in this court. Thus, for today, the courthouse doors remain locked, and this court is powerless to open them.

### III. RES JUDICATA

Even though this court does not have jurisdiction to address the merits of this case, it is necessary to comment on the res judicata issues raised by the parties. Res judicata applies when there is "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 42 (4th Cir.1990) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)); *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir.1991). It includes those claims that "existed at the time of the first suit and 'might have been offered' in the same cause of action...." *Aliff,* 914 F.2d at 43–44 (quoting *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 579, 94 S.Ct. 806, 812, 39 L.Ed.2d 9 (1974)). "The standard is objective, and 'it is the existence of the present claim, not party awareness of it, that controls.'" *Meekins,* 946 F.2d at 1057 (quoting

---

district court applied is irrelevant. Even if the prior version of 20 C.F.R. § 416.330 had been applied to Skeens' claim, she did not file her second application within the time limits necessary to have her first application reopened.

6. Because this is in the SSI context, Skeens must be relying on an application in order for the Secretary to review the unadjudicated period. 20 C.F.R. 416.305 (1993).

7. The regulations are very clear in this regard. "If you file an application after the month you first meet all the other requirements for eligibility, you *cannot* be paid for any months *before* the month you filed an application." 20 C.F.R. § 416.335 (1993) (emphasis added). An application's effectiveness under Title II differs as an applicant may receive benefits dating back 12 months from the date of an application. 20 C.F.R. § 404.621 (1993).

*Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987)).

■ The posture of this case begs for the application of res judicata. The district court rendered a "final judgment on the merits" in its opinion of April 24, 1990, from which Skeens did not appeal.[8] The current suit involves the same parties as before. Furthermore, the issues that Skeens asks this court to address today should have been raised after the district court's decision. The issues were clearly present.

The Secretary revised 20 C.F.R. § 416.330 on April 21, 1986. Skeens requested an ALJ hearing on May 8, 1986, and presented her case to the ALJ on October 3, 1986. She then appealed the ALJ's adverse ruling to the district court. The district court, in its opinion of April 24, 1990, clearly relied upon the revised regulation. In fact, it even stated that Skeens may very well be disabled at the time of its decision, but because her new evidence did not relate to the "period of time prior to the Administrative Law Judge's decision on March 22, 1988," good cause did not exist to remand her case to the Secretary. *Skeens v. Sullivan*, 737 F.Supp. 362, 366 (W.D.Va.1990). Despite this glaring application of the revised regulation, Skeens did not even mention that the former version of 20 C.F.R. § 416.330 should have been applied. Likewise, she did not allege that the Secretary acted without statutory authority to revise the regulation. Both of these issues unquestionably should have been raised either to the Fourth Circuit on appeal, or in her motion to reconsider the district court's decision. Instead, Skeens failed to raise either issue at any level of judicial review, until today.

It is, therefore, clear that because the issues Skeens presents to this court today "might have been offered," and indeed, should have been offered after the district court's decision, res judicata prevents her from raising these issues now. To rule otherwise reduces res judicata to a meaningless aspiration of the judiciary that beckons par-

ties to raise their issues at one proceeding, yet condones their actions when they do not.

■ Skeens argues, though, that while res judicata may apply, manifest injustice would result. "The exception for manifest injustice [is] ... concerned essentially with fairness in the administrative process and a denial of due process." *Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir.1993). The appropriate inquiry is whether circumstances existed at the time of the prior administrative proceeding which precluded that party from raising issues or understanding the process. *See Culbertson*, 859 F.2d 319 (4th Cir.1988) (court can review Secretary's denial of reopening if the claimant was mentally incompetent). It does not serve as an escape hatch in those instances when a party chose not to argue the most pertinent legal theory. *See Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990). Thus, unless there is a constitutional deficiency in the prior administrative proceeding, the manifest injustice exception will not apply. *Kasey*, 3 F.3d at 79; *Shrader*, 631 F.2d at 300; *Culbertson*, 859 F.2d at 324.

Manifest injustice does not exist in this case. In *Kasey*, the court addressed what constituted manifest injustice in the context of reopening prior claims. It found no merit to the claimant's contention that manifest injustice existed. The claimant had been represented by counsel and had appealed all of his claims to the Appeals Council and to the federal district court. As in *Kasey*, Skeens was represented by counsel and appealed her claim to the Appeals Council and to the district court. Her interests were adequately protected and were afforded proper due process of law. Thus, this court finds no merit to Skeens' contention that manifest injustice would result if res judicata were applied.

In addition, nothing prevented Skeens from appealing the district court's decision. Skeens argues, though, that appealing would have only delayed her access to benefits, leaving her bereft in the interim. She ar-

---

8. Skeens only requested the court to reconsider  its decision. That was denied.

gues that is why she chose, instead, to file immediately another SSI application and not to appeal. This court finds doubtful, however, that such a tragedy would have ever visited Skeens as a result of her appealing the district court's unfavorable ruling, especially since appealing the ruling and filing another SSI application were not mutually exclusive.

Furthermore, it is not unjust for this court to apply res judicata to bar Skeens from raising her issues now. First, Skeens' decision not to appeal was her decision. As mentioned, nothing prevented her from appealing the district court's application of the revised regulation. Second, she does not allege any deprivation resulting from mental infirmity or a denial of her constitutional rights. Third, the Secretary revised the regulation governing the effective life of SSI applications even before Skeens requested a hearing before the ALJ. This certainly should have at least put her on notice that there may be a potential problem regarding which regulation should determine the effective life of her SSI application. Fourth, if it were not clear before the district court's decision, it had to be abundantly clear at the time of the district court's decision as to which version of 20 C.F.R. § 416.330 the court applied. For these reasons, this court finds no merit to Skeens' contention that the doctrine of manifest injustice permits a review of the unadjudicated period.

Accordingly, for the reasons stated, this court grants the Secretary's motion to dismiss for jurisdictional deficiencies.

### FINAL
### JUDGMENT AND ORDER

For reasons stated in a memorandum opinion filed this day, it is hereby

### ADJUDGED AND ORDERED

that the Secretary's motion to dismiss for jurisdictional deficiencies shall be and is hereby **Granted** and judgment shall be and is hereby entered in favor of the Secretary.