36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ira L. COOLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2554.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Sept. 30, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. David C. Norton, District Judge. (CA-92-1007-6-18AJ)
 Pete Cantrell, Legal Services Agency of Western Carolina, Inc., for appellant. Frank W. Hunger, Asst. Atty. Gen., J. Preston Strom, Jr., U.S. Atty., Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Ronald Lamar Paxton, Assistant Regional Counsel, Dept. of Health and Human Services, Atlanta, GA, for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ira L. Cooley appeals from the district court's order adopting the recommendation of the magistrate judge and dismissing his complaint for lack of subject matter jurisdiction. We affirm.
 
 I.
 
 2
 Cooley, the claimant, filed pro se his first, third, and fourth applications for supplemental security income benefits ("SSI") in 1975, 1983, and 1984, respectively. The applications were denied in initial determinations, and Cooley took no action to appeal the rulings. Cooley's second application for SSI was also filed in 1983. After the second application was denied, Cooley's reconsideration request was also denied.
 
 
 3
 Cooley filed his current SSI application in 1990. It was denied in an initial determination and on reconsideration. Cooley then requested a review of the reconsideration at an evidentiary hearing by an administrative law judge ("ALJ"). The ALJ conducted an evidentiary hearing at which Cooley, his wife, and a vocational expert testified. An attorney represented Cooley at the hearing.
 
 
 4
 The ALJ decided, based on Cooley's current application, that he was disabled as of February 15, 1990, and entitled to benefits. The ALJ declined, however, to reopen any of the final determinations denying Cooley's previous four applications. He concluded that those decisions were administratively final because Cooley "was capable of understanding the procedures necessary to request administrative review of his prior denials." The Appeals Council reviewed additional medical evidence submitted by Cooley which it incorporated into the record and denied Cooley's request for review, concluding that the new evidence did not warrant a change in the findings set forth in the ALJ's decision.
 
 
 5
 Cooley timely filed this action in the district court. The Secretary of Health and Human Services ("Secretary") filed a motion to dismiss, to which Cooley responded. The magistrate judge recommended granting the Secretary's motion and dismissing the complaint for lack of subject matter jurisdiction. Cooley filed timely objections to the magistrate judge's recommendation. After reviewing the magistrate judge's recommendation and Cooley's objections, the district court adopted the magistrate judge's recommendation and granted the Secretary's motion to dismiss. Cooley noted a timely appeal.
 
 
 6
 On appeal, Cooley argues that (i) the federal courts have subject matter jurisdiction over a claimant's request for reopening his previous applications for SSI because Cooley was unrepresented and incompetent at the time he filed the applications; and (ii) the Secretary's refusal to reopen Cooley's prior applications should be reversed.
 
 II.
 
 7
 A district court order dismissing a case based on a lack of subject matter jurisdiction is a legal determination subject to de novo review. Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3667 (U.S.1993).
 
 
 8
 Generally, a district court lacks jurisdiction to review the denial of a request to reopen a claim. Califano v. Sanders, 430 U.S. 99, 107-08 (1977). An exception exists, however, if a constitutional question is presented. Id. at 109. This Court has held that the Secretary may not "bind[ ] a claimant to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination." Culbertson v. Secretary of Health & Human Servs., 859 F.2d 319, 323 (4th Cir.1988). In such cases, the Secretary must afford the claimant a hearing to determine whether the claimant's mental condition precluded him from understanding the administrative process for appealing. Shrader v. Harris, 631 F.2d 297, 302-03 (4th Cir.1980).
 
 
 9
 After a review of the evidentiary hearing transcript and the entire administrative record, we find that the district court properly dismissed Cooley's complaint for lack of jurisdiction. The ALJ's finding that Cooley was not incompetent at the time he filed the previous applications is supported by substantial evidence in the record. See Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986). Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.