Michael W. TRIGGS, Plaintiff,

v.

Stanley S. CHATER, Commissioner,
Social Security Administration,
Defendant.

Civil Action No. 96–AP–739.

United States District Court,
D. Colorado.

June 3, 1996.

Frederick W. Newall, Colorado Springs, CO, for plaintiff.

Robert D. Clark, Assistant U.S. Attorney, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiff, Michael W. Triggs, has filed a complaint against the Social Security Administration seeking to reopen his 1987 claim for disability insurance and supplemental security income, alleging that he lacked the mental capacity to appeal the denial of his first application, and therefore was denied his right to due process. The Social Security Administration has filed a motion to dismiss based on lack of jurisdiction.

The Social Security Administration has broad discretion with respect to reconsideration of its own administrative determina-

tions, which are generally not subject to judicial review. *Culbertson v. Secretary of Health and Human Services,* 859 F.2d 319, 322 (4th Cir.1988). The Administrative Procedures Act does not contain an implied grant of subject matter jurisdiction permitting judicial review of an agency action, *Califano v. Sanders,* 430 U.S. 99, 104, 97 S.Ct. 980, 983–84, 51 L.Ed.2d 192 (1977), nor does the Social Security Act authorize judicial review of a final decision refusing to reopen a claim for benefits absent a constitutional challenge, *id.* at 109, 97 S.Ct. at 986. However, Michael Triggs does present such a constitutional challenge in alleging that his mentally deficient condition made him incapable of appealing the initial denial, thereby violating his right to due process.

The Social Security Administration cites case law which actually supports Triggs' position. The Fourth Circuit in *Culbertson,* 859 F.2d at 324, held a mentally handicapped individual who was an adult when application for benefits was filed, was entitled to have her claim reopened because the person filing on her behalf (her parent) was not a court-appointed guardian, but merely acting in the capacity of a volunteer, and as such, owed no enforceable duty to claimant. The court would not make the assumption that a volunteer would or could continue to pursue a claim on behalf of another. *Id.*

The *Culbertson* court distinguished its facts from those in an earlier case, *Robinson v. Heckler,* 783 F.2d 1144 (4th Cir.1986). In *Robinson,* the parent of a minor child filed an unsuccessful claim for benefits on behalf of the child. A second claim filed nine years later was successful, and the claimant sought to have the original claim reopened, based on his lack of mental competence at the time of the initial application. The *Robinson* court rejected the request to reopen, reasoning that an individual could not simultaneously rely on a guardian to act in his behalf, while claiming personal incompetence whenever convenient. *Id.* at 1147.

The *Culbertson* court distinguished its finding based on the guardianship role. With no formal appointment, the parent of a claimant who was not a minor could act only in the capacity of a volunteer. Although the claimant remained reliant on her parents, they exercised no lawful authority over her, nor did they have any responsibility to act for her, because she was an emancipated adult. *Culbertson,* 859 F.2d at 324. Michael Triggs' situation is similar to that in *Culbertson,* in that at the time of the initial application, he was not a minor and his parents were acting informally on his behalf.

■ The Fourth Circuit in *Culbertson* concluded that a claimant cannot be bound "to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination." *Id.* at 323. The court refused to call the parent's competence into issue. The appropriate inquiry is whether circumstances existed at the time of the prior administrative proceeding which precluded the claimant from raising issues or understanding the process. *Skeens v. Shalala,* 842 F.Supp. 209, 214 (W.D.Virginia, 1994). Michael Triggs' mentally deficient condition places him in such circumstances, regardless of his parents' mental abilities.

Based on the above, I deny the Social Security Administration's Motion to Dismiss insofar as it is based on jurisdictional grounds.

■ The Social Security Administration also seeks dismissal on the grounds that under Social Security regulations, Michael Triggs would not have qualified for benefits at the time of his initial application, because he had not worked the requisite number of quarters. *See* 42 U.S.C. § 401 *et seq.;* 20 C.F.R. §§ 404.130(c), 404.315 and 404.320. This was the finding of the administrative law judge who considered the case in April, 1995. The administrative law judge acknowledged that a previous request for benefits can be reopened more than two years after the application only upon the showing of fraud or similar fault, which can take into account physical or mental limitations the individual may have had at the time. *See* 20 C.F.R. § 416.1488(c). The Judge did not reopen the case because the claimant could not recall why he had not appealed his original application. However, such lack of recall on the claimant's part could be attributed directly to his mental incapacity. This issue goes to the merits of whether Triggs is entitled to a reopening of his claim and should

not, therefore, be decided on a motion to dismiss.

I deny the motion to dismiss. The appeal shall proceed.