IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2008

No. 07-41089
Summary Calendar

KRISTIE D. DECKARD

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-cv-28

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Kristie Deckard appeals from a decision of the United States District Court dismissing her motion to reopen a decision of the Social Security Administration and to change her disability onset date to that submitted in her first filing, asserting jurisdiction under 42 U.S.C. § 405(g).[1] On February 24,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him

1994, Plaintiff's mother filed an application for disability insurance benefits and social security income payments with the Social Security Administration, urging that Plaintiff was mentally incompetent. The Social Security Administration denied the application in July 1994. Plaintiff did not appeal this denial. In September 2002, now represented by counsel, Plaintiff filed another application for disability insurance benefits, maintaining that she was unable to work since May 31, 1994, due to a condition called hydrocephalus. The Social Security Administration denied this claim and denied it again on reconsideration. Plaintiff then applied for a hearing before an administrative law judge. In December 2004, the ALJ found that Plaintiff had an organic mental disorder that caused a presumptive disability and that she should receive benefits for a period beginning on May 31, 1994. Plaintiff then requested review by the Appeals Council, requesting a reopening and review of the Social Security Administration's earlier denial of her February 24, 1994, application for disability insurance benefits and social security income. In November 2005, the Appeals Council found no basis for review of that decision and declined to reopen the case. Plaintiff then appealed to the United States District Court for the Eastern District of Texas. The district court referred the matter to a magistrate judge. Adopting the judge's recommendation, the district court ordered that the action be dismissed.

On appeal, Plaintiff, citing to the Fourth Circuit decisions of Culbertson v. Secretary of Health and Human Services[2] and Young v. Bowen,[3] urges that she is "entitled to a disability onset date that she has submitted in this case concerning her first protective filing dates for benefits" – that she should receive

---

of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . ."

[2] 859 F.2d 319 (4th Cir. 1988).

[3] 858 F.2d 951 (4th Cir. 1988).

payment for a disability commencing on February 24, 1994, as opposed to May 31, 1994. She alleges that the court's refusal to reopen its initial denial of disability benefits violates her due process rights because she lacked the mental competence to appeal from the first proceeding and did not then have counsel.

We are persuaded that the district court did not err in finding that Plaintiff failed to raise a colorable constitutional claim below – due process or otherwise – and in holding that it lacked jurisdiction to hear her claim.[4] Plaintiff's complaint stated,

> Plaintiff is disabled and is entitled to a disability onset date that she has submitted in this case concerning her first protective filing date for benefits . . . . Plaintiff prays that this Court: 1) find that plaintiff is entitled to disability benefits under the provisions of the Social Security Act from the first protective filing date for disability to the present; or 2) remand the case for a further hearing; or 3) award attorney's fees under the Equal Access to Justice Act . . . and 4) order such other and further relief as the Court deems just and proper.

In an "Exhibit A" attached to her complaint, she referenced several statutes and regulations and then alleged,

> Claimant . . . lacked the mental competence for appeal due to memory deficit due to hydrocephalus, severe memory impairment due to cognitive disorder. Claimant should be paid accordingly to her first protective filing date of February 03, 1994 due to the above statu[t]e/regulation/rulings.

This language is insufficient to raise a constitutional claim, and the district court thus lacked jurisdiction to hear Plaintiff's appeal to reopen her first

---

[4] The magistrate judge concluded in a report, "Courts lack jurisdiction to review SSA's refusal to reopen a prior decision absent a colorable constitutional claim. Plaintiff does not assert that this Court has jurisdiction based on a colorable constitutional claim, and Plaintiff's contention, therefore, lacks merit." The district court adopted the magistrate's report and recommendation and dismissed Plaintiff's case.

administrative case.[5]    To the extent that Plaintiff raises issues beyond her request to reopen the first case, urging that "whether designated as res judicata or administrative finality, the [first] decision must be overturned" because she lacked the mental capacity to contest the denial of benefits when the decision occurred, she did not raise these claims below, and we do not address them here.[6]

AFFIRMED.

---

[5] See Califano v. Sanders, 430 U.S. 99, 109 (1977) (finding no subject matter jurisdiction where a petition to reopen is not challenged on constitutional grounds).

[6] See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir.1999) ("This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances.").