Thomas Earl KASEY, Plaintiff–
Appellant,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant–Appellee.

No. 92–1917.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1993.

Decided July 30, 1993.

Charles Dodson Bennett, Jr., Fredericksburg, VA, argued, for plaintiff-appellant.

Robert S. Drum, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, PA, argued (Charlotte Hardnett, Acting Chief Counsel, Region III, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, PA, Richard Cullen, U.S. Atty., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, VA, on the brief), for defendant-appellee.

Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

MURNAGHAN, Circuit Judge:

Appellant Thomas Kasey challenges the order of the United States District Court for the Eastern District of Virginia granting summary judgment in favor of the Secretary of Health and Human Services ("the Secre-

tary"). The district court affirmed the Secretary's final decision denying Kasey's request for a period of disability and disability insurance benefits commencing May 1, 1982.

### I.

A review of the record, including testimony and medical evaluations, reflects that Kasey has suffered in the past from several physical and mental ailments. Severe abdominal pain and bleeding—stemming largely from heavy alcohol consumption and abuse—required hospitalization in 1978 and in the early 1980s. Kasey also experienced at that time severe back pain. On February 5, 1982, Kasey filed his first application for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Kasey alleged a disability, specifically internal bleeding from ulcers, as of February 1, 1982. Both applications were denied initially and upon reconsideration. Kasey then requested and received a hearing before an Administrative Law Judge ("ALJ"). In December 1982, the ALJ issued an opinion in which he concluded that Kasey was not under a disability, as defined by the Social Security Act, 42 U.S.C. §§ 423(d), 1382(c), at any time through the date of the decision. Considering Kasey's exertional limitations, the ALJ found that Kasey retained the ability to perform "sedentary work."[1] He further found that Kasey's nonexertional limitations did not significantly affect his capacity to perform sedentary work.

Kasey's request for review of the ALJ's decision was denied by the Appeals Council. In denying the review, the Appeals Council noted that it had carefully considered an additional medical report submitted by Kasey but had concluded that there was no basis for altering the decision of the ALJ. The report to which the Appeals Council referred had been prepared by a Dr. Manuel M. Belandres and indicated that Kasey suffered from cervical radiculopathy and moderately severe bilateral carpal tunnel syndrome. Kasey thereafter sought judicial re-

---

1. Sedentary work refers to activities that involve primarily "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a) (1992).

view of his claim pursuant to 42 U.S.C. § 405(g) in the United States District Court for the Eastern District of Virginia. In June 1984, the district court affirmed the Secretary's final decision denying Kasey benefits.

Kasey filed no appeal of that decision. However, one day after the district court's decision, on June 20, 1984, he filed a second application for disability insurance benefits. Kasey again alleged that he was under a disability commencing February 1, 1982. Kasey's application alleged that he suffered from numerous disabling conditions, including cervical and lumbar disc disease, carpal tunnel syndrome, chronic pancreatitis, hypertension, hypotension, and anxiety. Kasey supplemented his evidence with further medical reports from Dr. Belandres which continued to focus on the effects of carpal tunnel syndrome. The application was again denied initially and upon reconsideration, and a hearing before a second ALJ followed.

In November 1984, the second ALJ denied Kasey's request for disability benefits. The ALJ first concluded that the request for a hearing concerning any time period prior to the Secretary's May 16, 1983, final decision would be dismissed under the doctrine of *res judicata*.[2] The ALJ further noted that no new material evidence or evidence of fraud or mistake permitted him to alter or modify the May 16, 1983, final decision. Second, the ALJ denied benefits for the period of May 16, 1983, through June 30, 1983, the date when Kasey was last insured,[3] after determining that the record contained no specific evidence pertaining to the additional six weeks and concluding therefore that no evidence supported a finding of a disability for that time frame.

The Appeals Council again denied Kasey's request to review the decision; however, Kasey did not then seek judicial review. Instead, he filed a second application for Sup-

plemental Security Income in August 1985. As Kasey had complained of being nervous or anxious, his claim was evaluated under the Secretary's new criteria for claims of mental impairment. The new regulations were promulgated on August 28, 1985, in response to the enactment of the Social Security Disability Benefits Reform Act of 1984, Public Law 98–460, 98 Stat. 1794. After being examined by several doctors, Kasey was diagnosed as suffering from generalized anxiety disorder. He was found to have met the new listing requirements for anxiety disorders and was awarded supplemental security income beginning in August 1986. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1992).

In March 1990, Kasey filed his most recent application for a period of disability and disability insurance benefits. Kasey alleged mental impairment dating back to 1982 and requested that the determinations on his 1982 and 1984 applications be reopened. The application was again denied initially and upon reconsideration, and shortly thereafter a third ALJ held a hearing on Kasey's claims. In light of the promulgation of the new regulations pertaining to mental impairments, the ALJ concluded that the doctrine of *res judicata* did not preclude consideration of Kasey's current application alleging mental impairments since 1982. Kasey's 1982 and 1984 applications for benefits could not be technically reopened, however, because Kasey failed to demonstrate any exceptions to the rules of administrative finality. *See* 20 C.F.R. § 404.988 (1992) (permitting reopening of applications under certain circumstances). The ALJ specifically considered and rejected Kasey's argument that "manifest injustice" permitted the reopening of his 1982 and 1984 applications. The ALJ further stated that even if the applications could be reopened, the evidence did not establish a disability prior to June 30, 1983, the date Kasey was last insured.

---

**2.** 20 C.F.R. § 404.957(c)(1) (1992) permits an ALJ to dismiss a request for a hearing on the grounds of *res judicata* when the Secretary has "made a previous determination or decision under this subpart about [the claimant's] rights on the same facts and on the same issue or issues and this previous determination or decision has become final by either administrative or judicial action."

**3.** In order to receive disability insurance benefits, Kasey was required to establish a disability prior to the expiration of his insured status. *See, e.g.,* 42 U.S.C. § 423(c); 20 C.F.R. §§ 404.101–404.132 (1992).

The Appeals Council denied review of the ALJ's decision, and Kasey appealed the Secretary's final decision to the district court. A United States Magistrate Judge recommended that Kasey's motion for summary judgment be granted. The Magistrate Judge found that the Secretary had "constructively" reopened Kasey's 1982 and 1984 applications.[4] After reviewing the evidence, the Magistrate Judge also concluded that the Secretary's determination that Kasey was not disabled at the time of his alleged onset date was not supported by substantial evidence.

The Secretary objected to the findings of the Magistrate Judge. Conducting a *de novo* review, the district court concluded that the Secretary did not constructively reopen Kasey's prior applications and therefore the refusal to reopen was not reviewable. The district court further found that the Secretary's decision as to the merits of Kasey's 1990 application for disability benefits was supported by substantial evidence.

## II.

On appeal Kasey argues that his 1982 and 1984 applications for disability benefits are entitled to be reopened and reviewed for several reasons. The ALJ, he contends, "constructively" reopened his 1982 and 1984 applications and thus waived a defense of *res judicata* when he examined in detail the allegations of mental impairments. *See McGowen v. Harris,* 666 F.2d 60, 65–66 (4th Cir.1981) (stating that even though a claim may be the same as one previously denied for the purposes of *res judicata,* the case will be deemed reopened and subject to judicial review if it has been reconsidered on the merits at the administrative level). Kasey further asserts that he has shown evidence that several exceptions, primarily "error on the face of the evidence" and "manifest injustice," permit the reopening of his past claims. Finally, Kasey argues that the Secretary's finding of no disability prior to the date he was last insured is not supported by substantial evidence.

As a general rule, federal courts lack jurisdiction to review a decision by the Secretary not to reopen a previous claim for benefits. *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). We have recognized, however, an exception to that rule when a claim that otherwise would be barred by *res judicata* has been, in effect, reconsidered on the merits at the administrative level. *See, e.g., McGowen,* 666 F.2d at 65–66. Under such circumstances there has been a *"de facto"* or "constructive" reopening by the Secretary.

The rule of *de facto* reopenings, however, is inapplicable to the instant case. The ALJ, in reviewing the instant case, correctly stated that the doctrine of *res judicata*—a doctrine distinct from the Secretary's rules of administrative finality and the reopening of claims—was inapplicable to Kasey's 1990 claim for benefits in light of the change in the regulations governing claims of mental impairments. The enactment of the Social Security Disability Benefits Reform Act of 1984 led to the promulgation of new and less-restrictive criteria for assessing claims of disability based on mental impairments. Kasey's claims alleging alcoholism and anxiety disorder/depression commencing in 1982 had not been evaluated under the new regulations. Thus, in the instant case, the ALJ was required to and did conduct a new and complete investigation, using the revised mental impairment criteria, into Kasey's claims of mental impairments. The ALJ, when examining in detail Kasey's history, therefore did not constructively "reopen" the 1982 and 1984 applications but rather conducted a distinct examination pursuant to the Act and the changed regulations. A full and fair examination of Kasey's mental impairment claims necessarily required him to consider extensively the same evidence and testimony as to mental impairments that had been offered in support of Kasey's previous applications.

Moreover, we agree with the Secretary's findings that, under the applicable reg-

---

4. The Magistrate Judge also noted in a footnote that "manifest injustice" due to an "error on the face of the evidence" provided an additional jus-tification for reopening Kasey's prior applications.

ulations, Kasey failed to demonstrate evidence that would permit a reopening of his previous claims. The Secretary can reopen a claim within four years of the date of the notice of the initial determination upon a showing of "good cause." 20 C.F.R. § 404.-988(b) (1992); *see also* 20 C.F.R. § 404.989(a) (1992) (defining "good cause"). Kasey's claim, however, was filed more than four years after the determinations of his previous applications. In addition, section 404.988(c) permits reopening of a claim "at any time" if the claimant demonstrates evidence of any one of several listed exceptions. 20 C.F.R. § 404.988(c) (1992). Kasey contends that the exception for "error on the face of the evidence," 20 C.F.R. § 404.988(c)(8),[5] applies to his case primarily because the Secretary, he asserts, failed to consider adequately in the previous applications the evidence revealing the limitations on the use of his hands as a result of carpal tunnel syndrome. We note that an "[e]rror on the face of the evidence does *not* encompass a disputed issue of fact since, almost as a matter of definition, when facts are in dispute no single answer is evident." *Robinson v. Heckler,* 783 F.2d 1144, 1146 n. 3 (4th Cir.), *cert. denied,* 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 982 (1986). In light of that definition and after reviewing the record, we find no error on the face of the evidence such that it can be said that the previous determinations were clearly incorrect.

■ Kasey also contends that some courts have recognized "manifest injustice" as a basis for reopening prior claims. *See, e.g., Thompson v. Schweiker,* 665 F.2d 936, 940–41 (9th Cir.1982) (finding that the record was so obviously inadequate to support the Secretary's findings that the application of *res judicata* would amount to a denial of due process). The exception for manifest injustice appears to be concerned essentially with fairness in the administrative process and a denial of due process. Kasey was represented by counsel and, in fact, appealed all of his claims to the Appeals Council and, for his 1982 claim, to the federal district court. Like the Secretary, we find no merit to Ka-

sey's contention that the doctrine of manifest injustice permits a reopening of his 1982 and 1984 claims.

### III.

■ Reviewing, therefore, the Secretary's denial of Kasey's 1990 request for a period of disability and disability benefits, we are limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. 42 U.S.C. § 405(g); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). We define the phrase "supported by substantial evidence" as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Hays,* 907 F.2d at 1456 (quoting *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966)). It is the duty of the ALJ evaluating the case, not the federal courts, to make findings of fact and to resolve all evidentiary conflicts. *Id.*

■ We have reviewed the evidence and agree with the district court that there was at least substantial evidence to support the finding that Kasey was not disabled prior to June 30, 1983, the date he was last insured. The ALJ examined in detail Kasey's history to evaluate the alleged impairments of anxiety, depression, and alcoholism. Although there was evidence of alcohol consumption and nervousness, there is evidence to support the conclusion that neither alcohol abuse nor any other mental impairment was so severe on or before the date Kasey was last insured that Kasey was disabled within the meaning of the Social Security Act.

Accordingly, the judgment of the district court affirming the January 8, 1991, final

---

**5.** Subsection (c)(8) permits a reopening at any time if "[i]t is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made."

decision of the Secretary and granting summary judgment in favor of the Secretary is

*AFFIRMED.*