**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVEN E. WILSON,
Plaintiff-Appellant,

v.

No. 97-1674

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-95-757-2)

Submitted: July 31, 1998

Decided: September 16, 1998

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Steven E. Wilson, Appellant Pro Se. Benjamin H. White, Jr., Assis-
tant United States Attorney, Greensboro, North Carolina; Malinda
Caroline Hamann, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Wilson applied for social security disability benefits, claiming disability commencing on March 15, 1989, due to chronic neck pain and back problems. He was last insured for disability purposes on September 30, 1992. Following a hearing, an administrative law judge (ALJ) determined that Wilson retained the residual functional capacity to perform light work with a sit or stand option. Because there were a significant number of jobs which an individual with Wilson's limitations could perform, the ALJ determined that Wilson was not disabled. The Appeals Council denied Wilson's request for review.

Wilson then filed a complaint in the district court challenging the Commissioner's final decision. The magistrate judge recommended affirming the decision, and the district court adopted the recommendation. Wilson appeals. Because substantial evidence supports the Commissioner's decision and the correct law was applied, see 42 U.S.C.A. § 405(g) (West Supp. 1998); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), we affirm.

To establish entitlement to disability insurance benefits, Wilson had to establish that he was disabled prior to the expiration of his insured status. See 42 U.S.C.A. § 423(c) (West Supp. 1998); Kasey v. Sullivan, 3 F.3d 75, 77 n.3 (4th Cir. 1993). Medical reports and evaluations made after the expiration of insured status may be relevant to the extent they shed light on the claimant's condition prior to the expiration of his insured status. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987).

Wilson's medical history includes the repair of a ligament following a knee injury in 1981. An x-ray taken after a 1986 traffic accident revealed a congenital deformity (partial fusion of C3-C4) and degen-

2

erative disk disease at C3-C4, but no fracture, subluxation, or other acute abnormality. Wilson saw a chiropractor twice in May 1989 for job-related neck pain. The chiropractor provided no clinical or laboratory findings, no diagnosis, no assessment, and no prognosis. Examinations conducted after the expiration of Wilson's insured status showed that his range of motion in his thoracic and lumbar spine was excellent, and there were no motor or sensory deficits in the upper or lower extremities. X-rays of the thoracic and lumbar spine were normal.

The ALJ, as required, gave reasons for discounting Wilson's claims of debilitating pain. Wilson's daily activities, which include cooking, doing laundry and other housework, driving, and visiting his mother, did not suggest that he suffered the amount of pain he claimed. Further, although his condition likely has worsened over time, the doctors Wilson saw after the expiration of his insured status have recommended only conservative treatment, which does not suggest that his pain is--or prior to the expiration of insured status, was --disabling. We will not disturb the ALJ's properly supported credibility determinations. See Hammond v. Heckler , 765 F.2d 424, 426 (4th Cir. 1985).

The vocational expert who testified at Wilson's hearing said that an individual with Wilson's limitations was capable of performing a number of jobs that exist in the national and regional economies. Given this testimony and the dearth of medical and other evidence supporting Wilson's claim, we find that the Commissioner's decision is supported by substantial evidence.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

3