Olga RODRIGUEZ FLORES
(581–30–2397), Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. CIV. 94–1872(PG).

United States District Court,
D. Puerto Rico.

Dec. 2, 1998.

Octavio A. Díaz–Negrón, Ramón Gómez St. # C–1, Urb. Pereyó, Humacao, PR, for Plaintiff.

Lilliam Mendoza–Toro, Asst. U.S. Attorney, Hato Rey, PR, for Defendant.

## *OPINION & ORDER*

PEREZ–GIMENEZ, District Judge.

Before this Court is defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt.# 8). The issue before the Court is whether the Appeals Council's dismissal of plaintiff's request for review as untimely constitutes final agency action subject to judicial review.

### *Factual Background*

Plaintiff Olga Rodriguez Flores (hereinafter referred to as "Rodriguez") applied for disability insurance benefits on April 26, 1972 and was found disabled as of September 28, 1971 (Dkt.# 6, Ex. 4). On April 20, 1982, Rodriguez was notified that she was no longer disabled within the meaning of the Social Security Act, that she was able to engage in substantial gainful activity, and that her last payment was for the month of May 1982. (Dkt.# 6, Ex. 2). At her request a hearing was held before an Administrative Law Judge (hereinafter referred to as "ALJ") at which Rodriguez appeared and testified. Also present at the hearing was the attorney who represented her at the time. On December 28, 1982, the ALJ issued a decision that Rodriguez's disability had ceased. Said decision advised Rodriguez and her attorney of the right to appeal within 60 days. Rodriguez did not appeal (Dkt.# 6).

Rodriguez applied for disability insurance for the second time on July 11, 1983. (Dkt.# 6). She appeared and testified represented by a new attorney at a hearing before a different ALJ. On May 25, 1984, the ALJ issued a decision denying Rodriguez's claim. (Dkt.# 6, Ex.4). On September 17, 1984, the Appeals Council denied her request for review advising her and the attorney who then represented her of the right to commence a civil action seeking judicial review within 60 days. (Dkt.6, Ex. 6). Rodriguez did not file a civil action. (Dkt.# 6).

Rodriguez applied for disability insurance a third time on November 1, 1991, with onset alleged as of June 1, 1982. (Dkt.# 6, Ex. 9). By decision dated October 27, 1993, after two hearings at which Rodriguez appeared and testified represented by her current attorney, a new ALJ found Rodriguez disabled as of September 17, 1984 and entitled to benefits based on her third and current application, but denied reopening of Rodriguez's prior claims. (Dkt.# 6, Ex. 9) On June 2, 1994, the Appeals Council decided that Rodriguez had been found disabled based on new and material evidence submitted with her current November 1991 claim and that her prior claims were beyond the time limit for reopening on that basis. (Dkt.# 6, Ex.9).

### *Discussion*

Federal courts are courts of limited jurisdiction and can only exercise power as

"authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Congress, acting within its constitutional powers, can therefore prescribe the procedures and conditions necessary for judicial review of administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958); *American Power & Light Co. v. S.E.C.*, 325 U.S. 385, 389, 65 S.Ct. 1254, 89 L.Ed. 1683 (1945). Title II of the Social Security Act limits a federal court's jurisdiction to "final decisions" of the Commissioner of Social Security:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Additionally, § 405(h) states: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or government agency except as herein provided." 42 U.S.C. § 405(h). Thus, a "final decision" is a jurisdictional prerequisite for judicial review.

■ Not all agency determinations are final decisions. *See Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In fact, the Social Security Act does not define which decisions are considered final for purposes of judicial review. Rather, it is up to the Commissioner to establish by regulation what constitutes a "final decision." *See* 42 U.S.C. § 405(a); *Weinberger v. Salfi*,

422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Weinberger, supra*, at 766, 95 S.Ct. 2457.

■ Because the present case involves subsequent applications dealing with the same issues, the application in question can be regarded as a request for reopening the prior determinations related to the Rodriguez's previous applications. Whether a determination should be reopened or not, however, is a decision that lies exclusively within the Commissioner's regulations since the Social Security Act does not provide any guidance as to such matter. The conditions for reopening are clearly stated in 20 C.F.R. § 404.988:

A determination, revised determination, decision, or revised decision may be reopened-

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989,[1] to reopen the case; or

(c) At any time if -

(1) It was obtained by fraud or similar fault (see § 416.1488 of this chapter for factor which we take into account in determining fraud or similar fault);[2]
. . .

(8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made . . .

---

1. Section 404.989 provides: "(a) We will find that there is good cause to reopen a determination or decision if—(1) New and material evidence is furnished; (2) A clerical error in the computation or recomputation of benefits was made; or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made. (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made."

2. Section 416.1488(c) provides in its relevant part: "In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time."

■ Rodriguez's November 1991 application has been treated as an implied request for reopening her prior applications. The ALJ and the Appeals Council both determined that Rodriguez was disabled as of September 19, 1984 based on "new and material" evidence. Yet, even in cases covering "new and material evidence" reopening is limited to four years for "good cause." 20 C.F.R. §§ 404.988 *and* 404.989(a)(1). Rodriguez filed her current claim more than four years after the denial of her prior claim. Unless the conditions provided in 20 C.F.R. § 404.988 apply, reopening is precluded beyond four years by the Social Security regulations, even where the claimant prevails on a new application filed more than four years after the denial of her prior claim. *See Robinson v. Heckler*, 783 F.2d 1144, 1146 (4th Cir.1986), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 982 (1986); *Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir.1993); and *Coates v. Bowen*, 875 F.2d 97, 101 (7th Cir. 1989). In particular, earlier applications could be reopened if based on a showing of "error on the face of the evidence" relied upon in denying an antecedent claim or for fraud or similar fault.

> An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination of decision was based and any evidence of record anywhere in SSA at the time such determination or decision was made, it is clear that the determination or decision was incorrect. "Clear" means obvious, unmistakable, certain, positive ... A determination or decision which was reasonable on the basis of the evidence in the file and the statute regulations, instructions, precedents, etc., existing at the time the determination or decision was made, will not be reopened merely because there is a shift in the weight of the evidence, a different inference is now drawn from the evidence ... In such cases there is no error on the face of the evidence on which the determination or decision was based (i.e., the "record") which would permit reopening.

*Coates v. Bowen*, 875 F.2d 97, 102 (7th Cir. 1989) *citing* Social Security Administration (SSA), Program Operations Manual System (POMS) § 04010.080 (February, 1982). Nev-

ertheless, "error on the face does not encompass disputed issues of fact since, almost as a matter of definition, when fact are in dispute no single answer is evident." *Kasey v. Sullivan*, 3 F.3d 75, 79 (4th Cir.1993) (citation omitted). In the case at bar, the Commissioner determined that error on the face of the evidence and fraud or similar fault were lacking.

■ A change in an administrative ruling is not "good cause" for reopening, (Section 404.989(b), note 1, *supra*), and a change in legal interpretation that redecides the question of disability in a prior application does not automatically provide for reopening. *Kasey v. Sullivan*, 3 F.3d 75, 78 (4th Cir. 1993). Except where the claimant presents a colorable constitutional claim (which Rodriguez has failed to do in the case at bar), the decision whether to reopen a prior claim falls within the Commissioner's discretion and is not reviewable by the courts. *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Colon v. Secretary of Health and Human Services*, 877 F.2d 148 (1st Cir.1989); *Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1138 (1st Cir.1988) (per curiam) (citations omitted).

■ Rodriguez claims that the 1982 and 1984 decisions were based on errors of law. However, a claimant's due process challenge to the denial of her reopening request may not be based on alleged errors in the denial of her prior claims. The constitutional claims justifying judicial review of a decision to reopen "must relate to the manner or means by which the [Commissioner] decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir.1989) (citations omitted). Or as another circuit chose to frame it, "[t]he constitutional issue must concern the proceeding at which the decision not to reopen was made. Otherwise constitutional claims arising out of an administrative proceeding could be preserved indefinitely through requests to reopen." *Cherry v. Heckler*, 760 F.2d 1186, 1190 n. 4 (11th Cir.1985). Since Rodriguez has failed

to satisfy said requirement in the present controversy and failed to timely appeal her prior claims, any errors prompting the denial of Rodriguez's prior applications are not properly before this Court.

■ Rodriguez argues for reopening based on amendments to the Social Security Act enacted by Congress and signed into law on October 9, 1984.[3] Yet, in said amendment Congress did not provide for the retroactive reopening that Rodriguez seeks. The medical improvement standard for cessations was enacted by Congress in section 2 of the Social Security Disability Reform Act Pub.L. 98–460 on October 9, 1984, after the 1982 decision in this case. Section 2 states that the amendment would be applicable "on or after the date of enactment of [the] Act." Congress limited retroactive application of section 2 to claims in which administrative or judicial appeals were pending on the date of enactment. Furthermore, "the amendment would not allow for redeterminations in the case of individuals who have failed to exercise their appeal rights . . . ." Senate Report 98–466 (May 14, 1984). Since Rodriguez did not exercise her appeal rights from the 1982 cessation decision, she is not be entitled to retroactive relief under section 2 of the amendment.

Section 4 of the Social Security Disability Benefits Reform Act of 1984 became effective for those determinations made 30 days after the enactment date of October 9, 1984. This was after the September 17, 1984 Appeals Council's notice to Rodriguez of the Commissioner's final decision denying her 1984 application. On September 17, 1984, Rodriguez was also informed of her right to commence a civil action within 60 days, but said action was never undertaken.

Rodriguez's argument for reopening based on *Dixon v. Shalala,* 54 F.3d 1019 (2d Cir. 1995) and *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118 (1st Cir.1986) lacks merit. There is no evidence showing that Rodriguez is a member of any class entitled to relief. The *Dixon* class action is limited to New York and does not include Rodriguez. As to the *McDonald*

case, she is excluded from the class on the grounds that it is limited to Massachusetts residents, as well as because the class excludes those "who failed to meet the requirements of 42 U.S.C. § 405(g) that they appeal to the next administrative level within 60 days of receiving a decision at an earlier level, or that they file a court action within 60 days after receiving a final decision of the [Commissioner]." *McDonald, supra,* at 1120–21, n. 2. Although represented by counsel in connection with both of her prior 1982 and 1984 claims, Rodriguez failed to seek review from the Appeals Council of the ALJ's 1982 cessation decision and judicial review of the "final decision" denying her 1984 claim. Hence, she is not entitled to relief under the requirements established in *McDonald.*

**WHEREFORE,** the Court **GRANTS** defendant's motion to dismiss (Dkt.# 8) and hereby **DISMISSES** the case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

**3.** The date of enactment was after the denial of Rodriguez's prior claims.