<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1168

DORSEY V. HUFF,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL
SECURITY, Commissioner, Social Security
Administration,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Glen E. Conrad, District Judge.
(CA-02-1304)

Argued:  December 3, 2004          Decided:  February 1, 2005

Before WILKINS, Chief Judge, and NIEMEYER and DUNCAN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Charles Dodson Bennett, Jr., Roanoke, Virginia, for
Appellant.  Rafael Melendez, Assistant Regional Counsel, SOCIAL
SECURITY ADMINISTRATION, Office of General Counsel, Region III,
Philadelphia, Pennsylvania, for Appellee.  **ON BRIEF:** Patricia M.
Smith, Acting Regional Chief Counsel, Region III, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania; John L. Brownlee,
United States Attorney, Julie C. Dudley, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dorsey Huff petitions for review of the final decision of the Commissioner of Social Security (the "Commissioner") refusing to reopen Huff's earlier application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq. (the "Act"). The district court upheld the Commissioner's decision on the grounds that the court lacked subject matter jurisdiction under 42 U.S.C. § 405(g). Finding no error, we affirm.

I.

On February 14, 1995, Huff filed his first application for disability insurance benefits, alleging disability as of December 31, 1981. The West Virginia State Disability Agency denied Huff's initial application. In June of 1995, the agency denied Huff's claim again upon reconsideration.

Huff subsequently requested and was granted an administrative hearing before an Administrative Law Judge ("ALJ"). On January 31, 1997, the ALJ issued an opinion concluding that Huff was not eligible to receive disability insurance benefits. In particular, the ALJ noted that, in order to receive disability benefits, a claimant must establish that disability onset during a period of time in which the claimant enjoyed insured status. See 42 U.S.C. § 423(a)(1)&(c). The ALJ found that Huff's insured status expired on December 31, 1982, and therefore, that Huff needed to prove he

3

became disabled on or before that date. The ALJ ultimately determined that Huff was not disabled on or before December 31, 1982, and that Huff was therefore ineligible to receive disability benefits under the Act. The agency Appeals Council declined to review the ALJ's decision, and adopted the ALJ's opinion as the Commissioner's final decision denying Huff's application for disability benefits.

Huff thereafter filed a civil action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision. On March 18, 1999, a federal magistrate judge issued a memorandum opinion and order upholding the decision. We affirmed the magistrate judge's order on appeal. Huff v. Apfel, No. 99-1483, 1999 U.S. App. LEXIS 23487 (4th Cir. Sept. 27, 1999).

On November 29, 1999, Huff filed a second claim for disability insurance benefits, again alleging an inability to work since December 31, 1981. The state agency dismissed Huff's second application, both initially and upon reconsideration, on the grounds of res judicata. Huff was then granted a second administrative hearing based on his representation that he could offer "new and material" evidence in support of his claim.

On September 28, 2001, the ALJ issued an opinion dismissing Huff's benefits claim, which he construed as a request to reopen or revise the Commissioner's prior determination that Huff was ineligible to receive disability benefits. In particular, the ALJ

4

noted that, absent circumstances not present in Huff's case, a claim may not be reopened or revised if more than four years has elapsed between the initial denial of benefits and the subsequent request to reopen. 20 C.F.R. § 404.988(b). The Commissioner denied Huff's initial application no later than June of 1995; however, the request to reopen was not filed until November of 1999. Thus, the ALJ concluded that he was without authority to reopen or revise the Commissioner's initial determination that Huff was ineligible to receive disability benefits. Having concluded that no grounds existed to reopen or revise the prior application, the ALJ dismissed Huff's second application for benefits on the grounds of res judicata.

After the Appeals Council affirmed the ALJ's decision, Huff filed a second lawsuit under 42 U.S.C. § 405, seeking judicial review of the agency's decision. On December 4, 2003, the district court issued a final judgment and opinion upholding the Commissioner's decision. In particular, the court observed that Huff's second application for benefits was rightly construed (both by the agency and by the parties to this litigation) as a request to reopen Huff's initial application for disability benefits. The district court further noted that, under Califano v. Sanders, 430 U.S. 99, 107-08 (1977), federal courts are without jurisdiction to review the Commissioner's refusal to reopen claims for disability benefits unless the claimant challenges the refusal on

constitutional grounds.  Because Huff raised no constitutional challenges in his petition to reopen, the district court concluded that it lacked subject matter jurisdiction to review the Commissioner's decision.

The district court also rejected Huff's argument that the ALJ "constructively reopened" his prior benefits claim.  Specifically, Huff contended that, by granting a hearing and considering new evidence on the merits, the ALJ exercised his administrative discretion to reopen Huff's earlier claim.  See McGowan v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981) (if ALJ considers second application on merits, first application deemed constructively reopened and res judicata is waived).  Huff also argued that, despite the ALJ's written denial of his second application, the ALJ made a statement at the hearing that amounted to a "finding" of disability, and that this finding constituted further evidence that Huff's prior application had been constructively reopened.[1]

---

[1]At the administrative hearing, the following exchange took place between the ALJ and the vocational expert:

ALJ: Can an individual who was required to elevate his leg at least waist high, three or four hours out of an eight-hour workday, is there anything that you can think of that such a person could do?

A:   Not without accommodation.  No, sir.

ALJ: Okay.  Now we've gotten over that hump.  Or that hurdle for Mr. Huff. . . .

Tr. at 76.

The district court reasoned, however, that even if the ALJ had been inclined to reopen the prior application, he would have been powerless to do so, since the Act precludes the reopening of an application for benefits when more than four years has elapsed since the initial claim was denied. See King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996) (reopening more than four years after initial denial, absent clear error, would exceed ALJ's authority). Accordingly, the district court dismissed Huff's petition to reopen for lack of subject matter jurisdiction.

## II.

On appeal, we review de novo the district court's determination that it lacked subject matter jurisdiction to review Huff's petition to reopen. National Taxpayers Union v. U.S. Social Security Admin., 376 F.3d 239, 241 (4th Cir. 2004). Huff raises two arguments that require some attention on appeal. First, Huff contends that, pursuant to 20 C.F.R. § 404.988(c)(8),[2] the initial determination that he was not disabled can be reopened at any time because the ALJ would have found him disabled if a medical expert had testified at the administrative hearing. Appellant's Br. at 33-35. We find this argument unpersuasive, inasmuch as we have previously held that "an error on the face of the evidence does not

_____

[2]Section 404.988(c)(8) authorizes the reopening of a benefits claim at any time "to correct clerical error or an error that appears on the face of the evidence."

7

encompass a disputed issue of fact since, almost as a matter of definition, when facts are in dispute no single answer is evidence." Kasey v. Sullivan, 3 F.3d 75, 78-79 (4th Cir. 1993) (internal quotation omitted). Second, Huff claims that the ALJ found him disabled at the September 2001 administrative hearing, but "reversed" this finding when the ALJ issued his written decision dismissing Huff's second benefits application. Appellant's Br. at 36. Huff claims that the reversal of the ALJ's earlier "finding" constitutes an error on the face of the record that permits reopening at any time under § 404.988(c)(8). We disagree. Even assuming that the ALJ's comments at the hearing could fairly be construed as a finding of disability, "the ALJ's written decision, not his questions at the hearing, control the findings subject to review." Woods v. Barnhart, No. 03-2592-KJV, 2004 U.S. District LEXIS 12969, at *22 (D. Kan. July 12, 2004). Thus, this argument for reopening under § 404.988(c)(8) is also without merit.

After hearing oral argument in this case, and carefully reviewing the record, briefs, and applicable case law, we conclude that the district court correctly decided all the issues before it. Accordingly, we affirm the district court's judgment on the reasoning articulated in its memorandum opinion and order.

AFFIRMED

8