Tomas AYALA–FELICIANO,
Plaintiff(s)

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant(s).

Civil No. 03–2101 (JAG).

United States District Court,
D. Puerto Rico.

March 31, 2005.

Rafael Ramon–Flores, Ponce, PR, for Plaintiffs.

Rebecca Vargas–Vera, Katherine Gonzalez–Valentin, United States Attorney's Office, Torre Chardon, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On October 10, 2003, plaintiff Tomas Ayala Feliciano ("Ayala") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in sup-

port of their respective positions (Docket Nos. 6, 7). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Ayala was born on March 8, 1956. He has a high school education and worked as a stocker for a supermarket. On October 6, 2000, Ayala filed an application for disability and disability insurance benefits alleging an inability to work since October 24, 1998, due to lumbar and mental impairments and a degenerative joint disease. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On April 25, 2002, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Ayala was not under a disability. On August 25, 2003, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

 To establish entitlement to benefits, Ayala bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Ayala may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). Ayala's impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits;

Ayala must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Ayala's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

 The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

 Ayala had previously filed an application for disability insurance benefits which was denied by a decision dated May 30, 2000. The Appeals Council denied review of that application. Ayala did not appeal to this Court from the denial of that first application. The ALJ refused to reopen that determination stating that it is final and binding. Thus, the Court may only consider whether Ayala became disabled after May 30, 2000. "Except where the claimant presents a colorable constitutional claim ..., the decision whether to reopen a prior claim falls within the Commissioner's discretion and is not reviewable by the courts." *Rodriguez Flores v. Apfel*, 28 F.Supp.2d 67, 70 (D.P.R.1998)(*citing Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Colon v. Secretary of Health and Human Services*, 877 F.2d 148 (1st Cir.1989); *Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1138 (1st Cir.1988)).

Ayala's main argument is that the ALJ did not consider the entirety of the evidence on the record before reaching his determination. In making this argument, Ayala relies heavily upon the medical opinion of one of the treating physicians, Dr. Fumero, who diagnosed him with a mayor depression that would prevent him from working even at light exertion levels.

■ The record shows that the ALJ considered several medical opinions regarding claimant's mental condition, each differing as to its severity. The ALJ chose, however, to give more weight to the reports issued by the Veteran's Administration, which treated the claimant on a regular basis, than others. "The relevant regulations further permit the ALJ to downplay the weight afforded a treating physician's assessment of the nature and severity of an impairment where, as here, it is ... inconsistent with other evidence in the record including treatment notes and evaluations by examining and nonexamining physicians." *Arruda v. Barnhart,* 314 F.Supp.2d 52, 72 (D.Mass.2004)(*citing* 20 C.F.R. §§ 404.1527(d)(2)-(4) & 416.927(d)(2)-(4)). Thus, because it is within the ALJ's discretion to weigh the evidence, Ayala's argument lacks merit.

### CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision to deny Ayala' disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.